UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09-CR-187 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ABRAHAM A. AUGUSTIN and ) | |
| LORRANCE B. DAIS ) | |
| ) | |

**MEMORANDUM**

Before the Court are motions to dismiss Counts One and Two of the Superseding Indictment filed by Defendant Abraham Augustin ("Augustin") (Court File No. 34) and Defendant Lorrance Dais ("Dais") (collectively, "Defendants") (Court File No. 36), to which the government responded (Court File No. 47). The defendants challenge the constitutionality of the federal kidnapping statute, 18 U.S.C. § 1201, and assert it exceeds the authority granted to Congress under the Commerce Clause. Alternatively, the defendants urge the Court to declare the statute is unconstitutional as applied to Dais and Augustin. The government contends the statute is both constitutional on its face and as applied to these defendants based on the plenary power of Congress to regulate instrumentalities of interstate commerce. The Court has considered the parties' respective filings and determines the statute is constitutional on its face. The Court further concludes a decision on whether the jurisdictional element of the statute is satisfied is a matter of proof that the Court cannot consider until after the evidence has been presented to a jury and the jury has made a determination.

Accordingly, the Court will **DENY** Defendants' motions to dismiss.

I.    **RELEVANT FACTS**

The following allegations are taken from the criminal complaint (Court File No. 1). Robert

Jordan ("Jordan") and Curtis Smith ("Smith") arranged for a delivery of cocaine to Augustin, which turned out to be a substance other than cocaine. In retaliation, Augustin and Dais abducted Jordan at gunpoint on December 3, 2009, and robbed Smith of his money and cellular telephone. The defendants kidnapped Jordan and drove away with him, demanding either a refund or to be supplied with actual cocaine. During the course of the kidnapping, Jordan used his cellular telephone on multiple occasions to contact his mother to arrange for a transfer of money.

On March 23, 2010, a grand jury charged the defendants in an eleven-count Superseding Indictment (Court File No. 28). The instant motion pertains only to dismissal of Counts One and Two of the Superseding Indictment. Defendants were charged in Count One with violating the Federal Kidnapping Act, 18 U.S.C. § 1201, which states in part:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when . . . the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any terms of years or for life . . . .

18 U.S.C. § 1201(a)(1). Defendants were charged in Count Two with the use, carrying, and discharge of a firearm during and in relation to the kidnapping charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

## II. STANDARD OF REVIEW

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Rule 12 of the Federal Rules of Criminal Procedure provides that a defendant may bring a motion challenging "a defect in the indictment or

information," including "a claim that the indictment or information fails to invoke the court's jurisdiction." Fed. R. Crim. P. 12(b)(3)(B). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir.1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

## III.   ANALYSIS

Defendants claim Counts One of the Superseding Indictment should be dismissed because 18 U.S.C. § 1201 is an improper exercise of Congress's authority under the Commerce Clause and the corresponding firearm charge in Count Two should also be dismissed. If the Court upholds the constitutionality of Section 1201, Defendants ask the Court to find the statute is unconstitutional as it is applied to the facts in this case. The Court will address each of these arguments in turn.

### A.   Constitutionality of 18 U.S.C. § 1201

Originally enacted in 1932, the Federal Kidnapping Act, 18 U.S.C. § 1201, was promulgated to address difficulties investigating kidnappings that crossed state lines. *See Chatwin v. United States*, 326 U.S. 455, 463 (1946). "Comprehensive language was used to cover every possible variety of kidnaping followed by interstate transportation." *Id.* Congress recently amended the Act in 2006 to add the language "or the offender travels in interstate or foreign commerce or uses the

3

mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense" Pub.L. 109-248 § 213(1) (codified as amended at 18 U.S.C. § 1201 (2006)). Prior to this amendment, the statute only prohibited kidnappings involving victims who were transported across state lines.

Under Article I, Section 8, Clause 3 of the United States Constitution, Congress has power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]" In *United States v. Lopez*, 514 U.S. 549 (1995), the Supreme Court held the Gun-Free School Zones Act, 18 U.S.C. § 922(g)(1)(A) exceeded Congress's power under the Commerce Clause. The Court explained Congress has authority to enact three broad categories of legislation under the Commerce Clause: (a) it may regulate the channels of interstate commerce; (b) it may regulate and protect the instrumentalities of interstate commerce, including persons or things in interstate commerce; and (c) it may regulate intrastate activity if it has a substantial effect on commerce. *Lopez*, 514 U.S. at 558-59; *United States v. Al-Zubaidy*, 283 F.3d 804, 810 (6th Cir. 2002).

The Supreme Court in *Lopez* struck down the federal statute 18 U.S.C. § 922(q), finding the purely intrastate activity of possessing a firearm in a school zone did not have a "substantial effect" on commerce and could not constitutionally be regulated in the third category of legislation. 514 U.S. at 559, 567. However, when Congress regulates the channels or instrumentalities of commerce in the first or second categories, it is not bound by the "substantial effects" test and its authority is plenary. *Id.* at 558; *Al-Zubaidy*, 283 F.3d at 811. "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Lopez*, 514 U.S. at 558.

4

The kidnapping statute involves the regulation of instrumentalities of commerce, e.g., telephones, and is authorized under Congress's plenary power. Since the 2006 amendment, no federal court of appeals court has addressed the constitutionality of the federal kidnapping statute. One district court in New Mexico upheld the statute as it applied to an intrastate kidnapping under the second category of *Lopez*. *United States v. Ochoa*, 8-CR-1980WJ, 2009 WL 3878520 (D.N.M. Nov. 12, 2009). The Court agrees with the well-reasoned analysis stated in the *Ochoa* opinion. Because the statute contains the express jurisdictional element requiring use of instrumentalities of commerce to commit or in furtherance of the kidnapping, the statute is constitutional under the second category of *Lopez*.

Telephones, for example, even when used *intra*state, constitute instrumentalities of interstate commerce and are properly subject to regulation by Congress under its Commerce Clause power. *See e.g.*, *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999); *United States v. Marek*, 238 F.3d 310, 318 n.35 (5th Cir. 2001). Congressional power to regulate these instrumentalities authorizes their ability to "forbid their use to facilitate kidnapping-even when the kidnapping itself takes place entirely within the borders of one state." *Ochoa*, 2009 WL 3878520 at * 3 (citing *Lopez*, 514 U.S. at 558). Here, Congress is regulating under the second *Lopez* category, "therefore, federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate movement." *Marek*, 238 F.3d at 318.

The use of an instrumentality of interstate commerce in any capacity is not sufficient, the offender must use the instrumentality to further the kidnapping to satisfy a requisite element of the offense. Contrary to Defendants' assertions, not "virtually every kidnapping" is a federal crime.

> [K]idnappers who choose not to use an instrumentality of interstate
> commerce to facilitate the crime cannot be prosecuted under the

> federal statute. It is true that, as modern technology advances, society has become more interconnected and more dependent on telecommunications networks that cross state lines. This fact, however, does not alter Congress' express authority under the Commerce Clause to regulate the instrumentalities of interstate commerce.

*Ochoa*, 2009 WL 3878520 at * 4.

Defendants Augustin and Dais attempt to distinguish criminalizing the use of a telephone to facilitate a drug felony, use of interstate facilities to transmit information about a minor, and murder for hire as proper exercises of Congressional power because the regulation of instrumentalities or communication has a stronger nexus to the underlying crime. By contrast, the instant statute is aimed at the "violent act of kidnapping, not the incidental use of the telephone." The Court disagrees. The plain language of the 18 U.S.C. § 1201(a)(1), requires more than an "incidental" use of a telephone to satisfy the jurisdictional element. Rather, the use of the instrumentality must have been used "in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). This in the Court's opinion requires more than a mere "incidental" use.

The defendants argue the Court should analyze the statute under the "substantial effects" test because the interstate nexus is too weak. Although the defendants acknowledge Section 1201 contains a jurisdictional element, they assert because the statute is not directed at the instrumentality, "recitation of words cannot bring a kidnapping under the ambit of the Commerce Clause" (Court File No. 35, p. 7; Court File No. 37, p. 7). Congress is not bound by the limitations of the "substantial effects" test when, as here, it directly regulates the instrumentalities of interstate commerce, such as the telephone. *Al-Zubaidy*, 283 F.3d at 811. The statutes at issue in *United States v. Morrison*, 529 U.S. 598 (2000) (Violence Against Women Act) and *United States v. Jones*, 529

U.S. 848 (2000) (Arson, 18 U.S.C. § 844(I)), cited by Defendants are not directed at instrumentalities of interstate commerce and were appropriately considered under the third category or "substantial effects" prong of *Lopez*. The kidnapping statute contains an express jurisdictional element limiting its reach and establishing the enactment is within Congress's power to regulate interstate commerce. *See Morrison*, 529 U.S. at 611-12.

Based upon the above reasoning, the Court concludes 18 U.S.C. § 1201(a)(1) is constitutional on its face under Congress's plenary power to regulate instrumentalities of interstate commerce, the second category described in *Lopez*. The jurisdictional element is therefore satisfied by limiting federal kidnappings to those which either involve the victim's or the offender's travel across state lines or where instrumentalities of interstate commerce are used in the commission of or in furtherance of the offense.

**B.     Constitutionality As Applied**

The defendants urge the Court to find Section 1201 unconstitutional as applied to the facts of their case. They anticipate the government will rely primarily on the victim's intrastate telephone calls to his mother during the course of the alleged kidnapping and therefore cannot satisfy the jurisdictional requirement. The government asserts the issue of whether or not the use of the telephone during the alleged kidnapping is constitutionally sufficient for a conviction should be reserved for the jury. The Court agrees with the government's position and concludes the pretrial motions to dismiss require the court to find facts that make up the elements of the case, a determination which is improper for a court to do.

> Rule 12(b)(1) of the Federal Rules of Criminal Procedure, which cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," indicates that evidentiary questions of this type should not be determined on such a

7

motion.

*United States v. Knox*, 396 U.S. 77, 83 n. 7 (1969). Because these motions to dismiss require a pretrial test of the government's evidence, the Court determines they should be denied.

> Rule 12(b)(1) permits the raising by motion of defenses or objections only where they are "capable of determination without the trial of the general issue," the general issue being the issue presented by the allegations of the indictment and the plea. Allegations of the indictment essential to prove the offense charged and the pleas in answer to such allegations require a trial of the general issue.

*Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951).

The jurisdictional requirement of 18 U.S.C. § 1201(a)(1) is a substantive element of the offense. It is well-settled that an "indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of a charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). In the federal system, courts do not have mini-trials to determine whether the Government can prove its case at trial. ("When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. . . However, the prosecution's evidence is tested at trial, not in a preliminary proceeding.") *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982). The Court accordingly reserves for the jury the determination of whether the use of instrumentalities satisfies the statute as charged in Count One of the Superseding Indictment.

### C. Count Two of the Indictment

Defendants move to dismiss Count Two of the Superseding Indictment, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), because the charge is predicated on the violation of the kidnapping statute in Count One. Based on the Court's decision to uphold the constitutionality of the kidnapping statute, dismissal of Count Two is unwarranted. Therefore,

8

Defendants' motions to dismiss Count Two of the Superseding Indictment will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Court File Nos. 34, 36) will be denied.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**